UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| WILLIAM CODY,<br><br>             Plaintiff,<br><br>     vs.<br><br>ASHLEY MCDONALD, INDIVIDUAL AND OFFICIAL CAPACITY; TIM MEIROSE, INDIVIDUAL AND OFFICIAL CAPACITY; DARIN YOUNG, INDIVIDUAL AND OFFICIAL CAPACITY; HEATHER BOWERS, INDIVIDUAL AND OFFICIAL CAPACITY; JESSICA STEVENS, INDIVIDUAL AND OFFICIAL CAPACITY; KAYLA TINKER, INDIVIDUAL AND OFFICIAL CAPACITY; DR. MARY CARPENTER, MD, INDIVIDUAL AND OFFICIAL CAPACITY; LINDA MILLER-HUNOFF, INDIVIDUAL AND OFFICIAL CAPACITY; STEVE BAKER, INDIVIDUAL AND OFFICIAL CAPACITY; AND JENNIFER WAGNER, INDIVIDUAL AND OFFICIAL CAPACITY;<br><br>             Defendants. | 4:14-CV-04155-RAL<br><br>ORDER FOR IN FORMA PAUPERIS STATUS ON APPEAL |

   The Eighth Circuit Court of Appeals has issued a limited remand in order that this court may determine appellant's in forma pauperis status and assess and collect the appellate filing fees.

Determining In Forma Pauperis Status

   Federal Rule of Appellate Procedure 24(a)(3) provides:

> A party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
>
> (A) the district court--before or after the notice of appeal is filed--certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding; or
>
> (B) a statute provides otherwise.

Because plaintiff was granted in forma pauperis status and no certification that the appeal would not be taken in good faith has been issued, plaintiff may appeal in forma pauperis without further authorization.

Assessing Appellate Filing and Docketing Fees

It satisfactorily appears from the prison records that plaintiff has a large negative balance in his prison trust account. Accordingly, the court finds that plaintiff is not required by the Prison Litigation Reform Act, 28 U.S.C. § 1915, to make an initial partial filing fee.

Collecting Appellate Filing and Docketing Fees

Plaintiff is responsible for payment of the entire $505 appellate docketing and filing fee.

> When an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan. Thus, prisoners who appeal judgments in civil cases must sooner or later pay the appellate filing fees in full.

Henderson v. Norris, 129 F.3d at 483. Therefore, the institution having custody of the plaintiff is hereby directed that whenever the amount in

2

plaintiff's trust account exceeds $10.00, monthly payments that equal 20% of the funds credited the preceding month to the plaintiff's trust account shall be forwarded to the U.S. District Court Clerk's Office pursuant to 28 U.S.C. § 1915(b)(2), until the filing fee is paid in full.

## **ORDER**

Upon the record it is hereby

ORDERED that:

1. Plaintiff is granted in forma pauperis status on appeal.

2. That the institution having custody of the plaintiff is hereby directed that whenever the amount in plaintiff's trust account exceeds $10.00, monthly payments that equal 20% of the funds credited the preceding month to the plaintiff's trust account shall be forwarded to the U.S. District Court Clerk's Office pursuant to 28 U.S.C. § 1915(b)(2), until the $505 filing fee is paid in full.

DATED this 30th day of March, 2016.

BY THE COURT:

*Veronica L. Duffy*
VERONICA L. DUFFY
United States Magistrate Judge