UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| WILLIAM CODY, | 4:14-CV-04155-RAL |
| Plaintiff, | |
| vs. | |
| ASHLEY MCDONALD, INDIVIDUAL AND OFFICIAL CAPACITY; TIM MEIROSE, INDIVIDUAL AND OFFICIAL CAPACITY; DARIN YOUNG, INDIVIDUAL AND OFFICIAL CAPACITY; HEATHER BOWERS, INDIVIDUAL AND OFFICIAL CAPACITY; JESSICA STEVENS, INDIVIDUAL AND OFFICIAL CAPACITY; KAYLA TINKER, INDIVIDUAL AND OFFICIAL CAPACITY; DR. MARY CARPENTER, MD, INDIVIDUAL AND OFFICIAL CAPACITY; LINDA MILLER-HUNOFF, INDIVIDUAL AND OFFICIAL CAPACITY; STEVE BAKER, INDIVIDUAL AND OFFICIAL CAPACITY; AND JENNIFER WAGNER, INDIVIDUAL AND OFFICIAL CAPACITY; | ORDER ON PLAINTIFF'S MOTIONS TO COMPEL DISCOVERY<br><br>DOCKET NOS. 79 & 85 |
| Defendants. | |

**INTRODUCTION**

This matter is before the court on plaintiff William Cody's *pro se* verified complaint pursuant to 42 U.S.C. § 1983.  See Docket Nos. 1 & 12.  After one Rule 12(b)(6) motion to dismiss and two cross-motions for summary judgment, only a single claim of Mr. Cody's remains:  his claim in Count 3 of his

complaint alleging interference with mails.  See Docket Nos. 58 & 65.  Now

pending are two motions to compel defendants to respond to various discovery

requests.  See Docket Nos. 79 & 85.  Mr. Cody's case has been referred to this

magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) & (B) and the October 16,

2014, standing order of the Honorable Karen E. Schreier, district judge.

## FACTS

In his only remaining claim, Mr. Cody alleges defendants violated his

rights under the First and Fourteenth Amendments to the United States

Constitution by misdirecting, seizing, and/or holding or destroying a medical

report sent to Mr. Cody by Dr. Griess, an outside medical doctor.  See Docket

No. 1 at pp. 17-20.  Mr. Cody alleges between March 28, 2014, and May 30,

2014, Dr. Griess sent Mr. Cody the same medical report three times and each

time defendants intercepted that report and failed to give it to Mr. Cody. Id.

Mr. Cody alleges neither he nor Dr. Griess were given notice of defendants'

confiscation of said mail.  Id.

## DISCUSSION

**A.     Motion to Compel Docket No. 79**

### 1.     Interrogatory No. 10

Mr. Cody served defendants with the following interrogatory:

Who, in the SDSP [South Dakota State Penitentiary] Mailroom
received mail addressed to William or Wm. Cody from Medical
Doctors or medical firms after:  March 28, May 30, November 17,
19, or 26, December 2, 14, 16, 18, 23, 2014; January 23, March
17, April 14, 28, July 9, August 31, 2015; or January 23, 2016.

See Docket No. 79-1 at p. 3.

Defendants responded to Mr. Cody's Interrogatory No. 10 as follows:

Defendants object, as irrelevant and immaterial, to any request for information regarding "who in the SDSP Mailroom received mail addressed to William or Wm. Cody from medical doctors or medical firms" on any dates other than March 28, 2014, May 30, 2014, November 17, 29, 26 2014 [sic] and December 16, 2014.  A review of the pleadings filed herein will readily reveal that these are the only dates on which Plaintiff alleges that he was not allowed to review reports from an outside provider.  There is no mention whatsoever in the pleadings on file with the Court to the various other dates now referred to.  As for the dates of March 28, May 30, November 17, 19 or 26 and December 16, 2014 referred to by Plaintiff, the individuals assigned to work in the SDSP Mailroom include the following:

March 28, 2014 – Sharon Reimann / Lisa Fraser
May 30, 2014 – J. Storevik / Cathy Wynia
November 17, 2014 – S. Reimann / Linda Miller-Hunhoff
November 19, 2014 – S. Reimann
November 26, 2014 – Jordan Storevik / Cody Hanson
December 16, 2014 – S. Reimann / Linda Miller-Hunhoff

See Docket No. 79-3 at pp. 7-8.

Mr. Cody objects to defendants' answer.  First, he points out that he asked for persons assigned after the dates listed, not on those dates, but that defendants responded with a list of persons assigned to work the mailroom on those dates.

The fault, if any, in defendants' answer is that the question is inept. Obviously, given the allegation in the complaint, Mr. Cody believes Dr. Griess sent him a report three times between March 28 and May 30 and that defendants intercepted it each time it was sent.  See Docket No. 1 at pp. 17-20. The information he desires appears to be who received Dr. Griess' report each of the three times.  But Mr. Cody, because he never received the report, cannot specify in his interrogatory which dates those reports arrived at SDSP.  A better

3

question would have been to ask defendants to state the names of all employees assigned to the mail room at SDSP between the dates of March 28 and May 30. Defendants have given a partial list of those employees, and many names recur on the list given, so the court assumes the list of such employees would be relatively short. Mr. Cody's request—insofar as it requires defendants to guess which actual dates Dr. Griess's report was delivered to the SDSP mailroom—is denied.

Mr. Cody also objects that defendants state the employees who worked in the mail room "include" the listed names. Correctly, Mr. Cody argues this is an evasive response as there could be others who also worked in the mail room on these dates who are not revealed by defendants.

Although at this point it would be proper for the court to deny Mr. Cody's motion to compel entirely, in the interest of moving this case along and in the interests of judicial economy, the court will order defendants to answer the question with the information it is clear Mr. Cody seeks: to the extent defendants know which dates Dr. Griess' three reports actually arrived at the SDSP mailroom between March 28 and May 30, 2014, (for example, if the documents were filed in Mr. Cody's medical file and bear a stamp indicating when they were received), defendants shall provide to Mr. Cody the names of each person who worked in the SDSP mailroom on that date. To the extent defendants are unable to determine which dates Dr. Griess' reports arrived in the SDSP mailroom, defendants shall provide to Mr. Cody the names of all

employees who worked in the SDSP mailroom between March 28 and May 30,

2014.

> ### 2.    Interrogatory No. 11

Mr. Cody served defendants with the following interrogatory:

> Who in the DOH [South Dakota Department of Health] clinic at
> SDSP received mail addressed to William or Wm. Cody from
> Medical Doctors or medical firms after the dates written above
> (#10)?

See Docket No. 79-1 at p. 3.

Defendants responded to Mr. Cody's Interrogatory No. 11 as follows:

> Defendants would object to this Interrogatory upon the same
> grounds and reasons set forth above.  In addition to said
> objections, it is also simply no feasible for Defendants to now
> provide Plaintiff with the information requested.  Defendants are
> without the requisite knowledge with which to do so.  In that
> regard, a variety/number of SDDOH employees collect mail, on a
> daily basis, from the Mailroom at the SDSP.  The SDDOH has not
> designated or assigned a specific individual with the
> task/responsibility of collecting the mail  There is thus no way to
> now determine, at this point in time, who may have
> collected/received the mail addressed to Plaintiff on the dates in
> question.

See Docket No. 79-3 at p. 8.

Mr. Cody objects, asking the court to order defendants to provide the

names requested in Interrogatory No. 11.  The court will not do so.  If various

persons pick up the mail for DOH and no regular person is assigned to do so, it

would be difficult, if not impossible at this point in time—two years later—to

determine with any certainty which DOH employee picked up the reports from

Dr. Griess on each of the three days those reports arrived at SDSP between

March 28 and May 30, 2014.  This part of Mr. Cody's motion to compel is

denied.

### 3.    Request for the Production of Documents #1

Mr. Cody served defendants with the following request for the production

of documents:

> Plaintiff William Cody . . . hereby requests that you serve upon him
> . . . copies of the following . . . The current DOC, DOH or CHS
> and/or SDSP policies, memoranda, or rules about inmate receipt
> of mail from all sources, including Medical Doctors and firms,
> including notations or revisions from October 10, 2011.

See Docket No. 79-2 at p.1.

Defendants responded by providing copies of SDDOC Policy 1.5.D.3,

Inmate Correspondence (Attachments 1-6), along with copies of SDDOH Policy

P-H-01A, Release of Information From Medical Records (Attachments 7-11).

Both documents purported to include the versions of the policies in effect as of

March 28 to May 30, 2014.  See Docket No. 79-4 at p. 4.  Defendants objected

on relevancy grounds to providing copies of policies pre-dating the relevant

dates from Mr. Cody's complaint.  Id.

In his motion to compel, Mr. Cody pointed out that he was given Revision

#8 of the DOC policy and Revision #10, but not Revision #9, which actually

would have been the version in effect during the spring of 2014.  In responding

to the motion, defendants state that Revision # 9 was overlooked due to the

fact that there were three revisions in 2013.  Defendants have now provided a

copy of Revision #9 to Mr. Cody.  Mr. Cody's motion to compel is denied as

moot as to Request for Production No. 1.

### 4.     Request for the Production of Documents No. 3

Mr. Cody served defendants with the following request for the production

of documents:

> Plaintiff William Cody . . . hereby requests that you serve upon him
> . . . copies of the following . . . The current DOC policy about
> exhaustion of administrative remedies with notations or revisions
> since October 10, 2011.

See Docket No. 79-2 at p. 2. Defendants objected to this request, noting that

they did not raise the defense of failure to exhaust administrative remedies

when objecting to this court's report and recommendation.  See Docket No. 79-

4 at p. 5.

Defendants may not have argued failure to exhaust administrative

remedies in their objections to this court's report and recommendation, but

they have asserted the affirmative defense of failure to exhaust in their answer.

See Docket No. 40 at p. 9, ¶ 14.  Nothing would prevent defendants from

asserting this defense at trial or in a future dispositive motion.  As such,

defendants themselves have placed into issue whether Mr. Cody properly

exhausted his administrative remedies as to Count 3 in his complaint.  The

court therefore grants this request by Mr. Cody and orders defendants to

provide the requested documents with the caveat that defendants may limit

their production to the policy in effect between March 28 and May 30, 2014.

### 5.     Request for Assistance of Counsel

Mr. Cody renews again his request for appointment of counsel, stating

that his motion and exhibits themselves demonstrate his incompetence in

representing himself.  To the contrary, the court finds further evidence of

Mr. Cody's competence in representing himself.  The request for counsel is denied for all the same reasons discussed in previous motions to appoint counsel made by Mr. Cody.

**B.      Motion to Compel Docket No. 85**

Mr. Cody served defendants with a second set of interrogatories numbered 12 – 16.  After 40 days had expired without receiving a written response, Mr. Cody filed this instant motion to compel.  See Docket No. 85.

The same day Mr. Cody filed his motion, defendants filed answers to the interrogatories in question.  See Docket No. 84.  Mr. Cody's second motion to compel is, therefore, denied as moot.  Defendants are reminded of the 30-day time limit for responding to discovery.  If additional time is needed to prepare discovery responses, the court expects counsel to notify the plaintiff of that fact and to request an extension.

## CONCLUSION

Plaintiff William Cody's motion to compel [Docket No. 79] is granted in part and denied in part as follows:

1.      the motion is granted as to Interrogatory No. 10.  To the extent defendants know which dates Dr. Griess' three reports actually arrived at the SDSP mailroom between March 28 and May 30, 2014, defendants shall provide to Mr. Cody the names of each person who worked in the SDSP mailroom on that date.  To the extent defendants are unable to determine which dates Dr. Griess' reports arrived in the SDSP mailroom, defendants shall provide to Mr. Cody the names of all employees who worked in the SDSP mailroom between March 28 and May 30, 2014.

2.      the motion is denied as to Interrogatory No. 11.

3.      the motion is denied as moot as to Request for Production No. 1.

4.      the motion is granted as to Request for Production No. 3; defendants shall immediately produce a copy of the policy as to prisoner exhaustion of administrative remedies which was in effect from March 28 to May 30, 2014.

Mr. Cody's second motion to compel [Docket No. 85] is denied as moot.

### NOTICE OF RIGHT TO APPEAL

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law.  The parties have fourteen (14) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1)(A), unless an extension of time for good cause is obtained.  See FED. R. CIV. P. 72(a); 28 U.S.C. § 636(b)(1)(A).   Failure to file timely objections will result in the waiver of the right to appeal questions of fact.  Id.  Objections must be timely and specific in order to require review by the district court.  Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED this 11th day of October, 2016.

BY THE COURT:

_____
VERONICA L. DUFFY
United States Magistrate Judge