UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION



FILED

JAN 06 2017

CLERK

| | |
|---|---|
| WILLIAM CODY,<br><br>    Plaintiff,<br><br>vs.<br><br>DARIN YOUNG, INDIVIDUAL AND OFFICIAL CAPACITY; HEATHER BOWERS, INDIVIDUAL AND OFFICIAL CAPACITY; JESSICA STEVENS, INDIVIDUAL AND OFFICIAL CAPACITY; LINDA MILLER-HUNOFF, INDIVIDUAL AND OFFICIAL CAPACITY; and STEVE BAKER, INDIVIDUAL AND OFFICIAL CAPACITY;<br><br>    Defendants. | 4:14-CV-04155-RAL<br><br><br>OPINION AND ORDER ADOPTING ORDER DENYING MOTION TO AMEND COMPLAINT |

## I. Introduction

Plaintiff William Cody, an inmate at the South Dakota State Penitentiary (SDSP), filed a pro se complaint in October 2014, alleging that certain SDSP officials had violated his constitutional rights. Doc. 1. Cody filed a verified supplemental complaint in December 2014. Doc. 12. In January 2015, Defendants moved to dismiss Cody's complaint for failure to state a claim. Doc. 19. While that motion was pending, Cody moved for summary judgment on all of his claims. Doc. 26.

Magistrate Judge Veronica Duffy issued a report and recommendation recommending that Defendants' motion to dismiss be denied, Doc. 31, which this Court adopted, Doc. 44. In mid-March 2015, Defendants answered Cody's complaint and moved for summary judgment on

1

all of his claims. Docs. 40, 41. Thereafter, Judge Duffy recommended that Cody's motion for summary judgment be denied in its entirety and that Defendant's motion for summary judgment be granted on all of Cody's claims except Claim 3, Cody's claim that Defendants violated his rights under the First and Fourteenth Amendments by interfering with his mail. Doc. 58. Both parties objected to this recommendation, but this Court overruled the objections and adopted the recommendation in full on March 14, 2016. Doc. 65.

On March 17, 2016, Judge Duffy issued a Rule 16 scheduling order setting April 15, 2016 as the deadline for amending pleadings and joining parties; July 15, 2016 as the discovery deadline; and September 1, 2016 as the deadline for motions on Cody's remaining claim. Doc. 66. On Cody's motion, Doc. 68, Judge Duffy extended the deadline for amending pleadings and adding parties to June 27, 2016, Doc. 77. On June 13, 2016, Cody filed a second motion to extend deadlines, this time asking the court to extend all deadlines for an "additional unspecified time." Doc. 78. Judge Duffy ultimately granted this motion in part, extending the discovery deadline to November 15, 2016, and the motions deadline to December 15, 2016. Doc. 94. Judge Duffy did not extend the deadline to amend pleadings and add parties, so the old June 27, 2016 deadline remained in place.

On September 13, 2016, Cody filed a motion to amend his complaint along with a proposed amended complaint. Docs. 87, 87-1. Cody's proposed amended complaint seeks to add four new defendants (Sharon Reiman, Catherine Schlimgen, Dennis Kaemingk, and Kristine Weirsma), to expand Claim 3 to include a procedural due process claim and an equal protection claim, and to add three completely new claims, each of which allege multiple constitutional violations. Doc. 87-1. Defendants opposed Cody's motion to amend, arguing that Cody's

motion was untimely, that he has failed to show good cause for missing the deadline to amend, and that his amendments are futile.  Doc. 90.

Judge Duffy denied Cody's motion to amend on November 23, 2016, concluding that the motion failed under both Rules 15 and 16 of the Federal Rules of Civil Procedure.  Doc. 99 at 11–13.  On December 15, 2016, Defendants filed a renewed motion for summary judgment on Cody's Claim 3.  Docs. 100–104.  Cody on December 16, 2016 moved for an extension of time to file objections to Judge Duffy's order denying Cody's motion to amend.  Doc. 105.  This Court granted Cody more time to file such objections, Doc. 106, and Cody has now filed objections to Judge Duffy's order denying his motion to amend, Doc. 107.

This Court reviews a report and recommendation pursuant to the statutory standards found in 28 U.S.C. § 636(b)(1), which provides in relevant part that "[a] judge of the [district] court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  "In the absence of an objection, the district court is not required 'to give any more consideration to the magistrate's report than the court considers appropriate.'"  United States v. Murrillo-Figueroa, 862 F. Supp. 2d 863, 866 (N.D. Iowa 2012) (quoting Thomas v. Arn, 474 U.S. 140, 150 (1985)).  This Court has conducted a de novo review of the record, and for those reasons explained below, this Court overrules Cody's objections and adopts Judge Duffy's order.

## II. Analysis

Cody's motion to amend implicates Rules 15 and 16 of the Federal Rules of Civil Procedure.  Rule 15 ordinarily governs motions to amend the pleadings.  After the twenty-one-day period in Rule 15(a)(1) has expired, a party may amend its pleadings under Rule 15(a)(2) "only with . . . the court's leave."  Fed. R. Civ. P. 15(a)(2).  Although Rule 15 provides that

courts "should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2), a court "may properly deny a party's motion to amend its complaint when such amendment would unduly prejudice the non-moving party," Popoalii v. Corr. Med. Servs., 512 F.3d 488, 497 (8th Cir. 2008). Whether undue prejudice exists depends on the facts of the case but a leading treatise on civil procedure provides some examples:

> [I]f the amendment substantially changes the theory on which the case has been proceeding and is proposed late enough so that the opponent would be required to engage in significant new preparation, the court may deem it prejudicial. In a similar vein, if the court determines that the proposed amendment would result in defendant being put to added expense and the burden of a more complicated and lengthy trial or that the issues raised by the amendment are remote from the other issues in the case and might confuse or mislead the jury, leave to amend may be denied.

6 Charles Alan Wright et al., Federal Practice and Procedure § 1487 (3d ed.) (footnotes omitted). These examples are consistent with Eighth Circuit case law. See Popoalii, 512 F.3d at 497 ("When late tendered amendments involve new theories of recovery and impose additional discovery requirements, appellate courts are less likely to hold a district court abused its discretion."); Popp Telecom v. Am. Sharecom, Inc., 210 F.3d 928, 943 (8th Cir. 2000) ("Where an amendment would likely result in the burdens of additional discovery and delay to the proceedings, a court usually does not abuse its discretion in denying leave to amend."); Kinkead v. Sw Bell Tel. Co., 49 F.3d 454, 456 (8th Cir. 1995) (holding that the district court properly denied motion to amend complaint where motion was filed two years after initial complaint and sought to add new claims and an additional party rather than to modify initial claim); Wishon v. Gammon, 978 F.2d 446, 448 (8th Cir. 1992) (concluding that the district court did not abuse its discretion by denying prisoner's motion to file an amended complaint containing a new claim

where new claim was unrelated to initial claims and prisoner was not prejudiced by the denial because he could raise the new claim in a different suit).

Rule 16(b) concerns the district court's setting of pretrial schedules. It provides that "[e]xcept in categories of actions exempted by local rule, the district judge—or a magistrate judge when authorized by local rule—must issue a scheduling order" limiting "the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(1), (3)(A). A scheduling order issued under Rule 16 "may be modified only for good cause and with the judge's consent." Id. § 16(b)(4). When a party moves to amend after the deadline established by the scheduling order has expired, the party's motion is governed by the good-cause standard in Rule 16 rather than by "the more liberal standard of Rule 15(a)." Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 716 (8th Cir. 2008). "The primary measure of good cause is the movant's diligence in attempting to meet the [scheduling] order's requirements." Id. at 716 (quotation omitted). Prejudice to the non-movant is also relevant to the good-cause analysis, but only if the movant can show diligence. Id. at 717; see also Popoalii, 512 F.3d at 497 (explaining that the party moving to amend outside the scheduling order bears the burden of showing good cause).

Here, Cody did not move to amend his complaint until September 13, 2016, which is over two months after the June 27, 2016 deadline for amending pleadings and adding parties. Thus, Cody must satisfy the good-cause standard of Rule 16, beginning by showing that he was diligent. The main reason Cody offers for the delay in amending his complaint is that it was difficult to get the information he needed from Defendants through discovery. But Judge Duffy granted Cody's motion to extend the deadline for joining parties and amending the complaint until June 27, 2016, so that Cody could engage in discovery to determine the names of other

individuals who may have handled his mail. And it appears that Cody knew of the four new defendants in his amended complaint and their involvement with his mail well before he filed his amended complaint in September 2016. See Doc. 78; Doc. 79-3; Doc. 79-4; Doc. 88 at 3; Doc. 88-2. The same is true with respect to the Defendants' policies, which form the basis of some of the new claims Cody raises in his amended complaint; Cody had access to these policies well in advance of September 2016. See Doc. 42-1; Doc. 42-2; Doc. 79-4; Doc. 83 at 6. This Court agrees with Judge Duffy that Cody has not shown diligence.

Even if Cody had shown diligence, this Court would deny his motion to amend. The parties have already briefed, and this Court has already decided, a motion to dismiss and two motions for summary judgment. A renewed motion for summary judgment is currently pending on Cody's Claim 3, which concerns the narrow issue of whether Defendants violated Cody's First Amendment rights by interfering with a medical report his doctor mailed him on three separate occasions between March 28, 2014 and May 30, 2014. Cody's amended complaint, however, seeks to add four new defendants to Claim 3 and expand the constitutional bases for this claim to include a procedural due process claim and an equal protection claim.[1] Cody's amended complaint also seeks to add three brand new claims alleging sundry constitutional violations. The new claims mostly concern events occurring between May 30, 2014 and July 2016. Allowing Cody's amended complaint would prejudice Defendants because they would need to engage in a significant amount of new preparation, including additional discovery. It would also cause undue delay. This case is fairly straightforward and although it has been pending for over two years now, discovery just recently concluded. Granting Cody's motion to

---

[1]Cody's initial Claim 3 alleged that Defendants had violated his First and Fourteenth Amendment rights, but he did not specifically allege a procedural due process or equal protection claim. Doc. 1.

6

amend when doing so would prejudice Defendants and delay resolution of the one remaining claim in this case would be inconsistent with the requirement that the Federal Rules of Civil Procedure be construed "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

### III. Conclusion

For the reasons stated above, it is hereby

ORDERED that Plaintiff's Objections to the Order Denying his Motion to Amend, Doc. 107, are overruled. It is further

ORDERED that the Order Denying Plaintiff's Motion to Amend Complaint, Doc. 99, is adopted.

DATED this ___6th___ day of January, 2017.

BY THE COURT:

ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE

7